**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                    No. 00-4330

TYRONE OTTO BROADNAX,
       *Defendant-Appellant.*

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                    No. 00-4349

JACOB WAYNE LONG,
       *Defendant-Appellant.*

Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-220)

Submitted: October 31, 2001

Decided: November 30, 2001

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

M. Gordon Widenhouse, Jr., RUDOLF, MAHER, WIDENHOUSE &
FIALKO, Chapel Hill, North Carolina, for Appellants. Walter C. Hol-

ton, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Tyrone Otto Broadnax and Jacob Wayne Long were indicted for conspiracy to distribute in excess of fifty grams of cocaine base (crack) and in excess of 500 grams of cocaine powder, in violation of 21 U.S.C. § 846 (1994). The district court granted Long's motion to dismiss the indictment insofar as it alleged that he had conspired to distribute cocaine base. Long was convicted of conspiracy to distribute cocaine powder and sentenced to 127 months in prison, to be followed by five years' supervised release. Broadnax was convicted of conspiracy to distribute both crack and cocaine powder. He was sentenced to 292 months in prison, to be followed by five years' supervised release. Long and Broadnax now appeal their convictions and sentences. We affirm.

I

Testimony at trial disclosed that Long supplied cocaine powder to Broadnax. In turn, Broadnax converted the powder to crack. Broadnax sold the drug himself or through agents at a property on Fox Road in Greensboro.

Mike Kernodle testified that he facilitated the purchase by Long and Ellis Billingsley of $25,000 worth of cocaine powder from an unidentified third party in January or February 1997. Andrew Lemons testified that he began purchasing crack from a "runner" at the Fox Road property in January 1998. Lemons identified at least three of the runners. Eventually, he and Broadnax became friends. Beginning in

March or April of 1998 and continuing until early 1999, Lemons purchased crack at the Fox Road property as often as seven times a week. Lemons began selling crack as a runner for Broadnax in July 1998.

Lemons testified that he had seen Long at the Fox Road property. Additionally, Lemons regularly drove Broadnax to obtain powder cocaine from Long. Generally, they drove to Long's residence on Garrett Road. Broadnax routinely left between $3000 and $4000 in a pickup truck at the property. Subsequently, Broadnax received a page, then drove to a spot beside a road where he would pick up four ounces of cocaine. Lemons testified that between September 1998 and May 1999, Broadnax obtained cocaine from Long in this manner twice a week.

Several of Broadnax's customers testified that they purchased crack cocaine from Broadnax and his agents. Tracy Pruitt testified that over the course of a year to a year and a half, she went to the Fox Road property two to three times a week to buy crack. Ordinarily she bought one-sixteenth of an ounce for between $80 and $100. Only once did she buy crack directly from Broadnax; the other times, she bought from his runners. Pruitt testified that she had seen Broadnax cook cocaine powder into crack, had seen a kilo or more of cocaine powder at the Fox Road property, and had seen Long on the property once. She once sold crack for Broadnax, keeping $40 for herself and giving him the remaining $40 from the sale.

There was testimony about two controlled purchases of crack from Broadnax. Berri Burris bought 2.4 grams of crack from Broadnax at the request of Detective Phil Smith. Miyoko Watkins drove with undercover officer Charlotte Rogers to the Fox Road property, where Watkins obtained $40 worth of crack from Broadnax.

The jury returned guilty verdicts. Long was sentenced to 127 months in prison. Broadnax stipulated at sentencing that he was responsible for 1.49 kilograms of crack. He received a 292-month sentence. This appeal followed.

## II

Appellants first contend that the district court improperly bolstered the credibility of Lemons and Clark and admonished Tracy Pruitt to

testify truthfully, with the result that she skewed her testimony in favor of the prosecution. The district court's actions, Appellants contend, deprived them of a fair trial.

Here, the district court simply asked witness Marvin Clark—outside the jury's presence—whether the Government had promised that it might try to help him if the Government thought he was telling the truth. In a similar vein, Lemons was asked on re-direct whether he had been promised anything in return for his testimony. He replied that he had not. On re-cross, he was asked whether he had "been offered, not promised, but offered" anything. The district court then inquired of Lemons whether anyone had promised that his time might be reduced in exchange for his testimony. Finally, after Tracy Pruitt gave vague testimony or said that she was not sure of the answers to many questions, the district court excused the jury. The court then admonished her to respond truthfully to the questions posed to her. The jury was brought back in, and Pruitt's testimony became more specific. There were no significant discrepancies between her testimony prior to the warning and that after the judge spoke to her.

Contrary to Appellants' contention, the district court's actions were not an abuse of discretion. The court fulfilled its obligation to reasonably control the interrogation of witnesses and the presentation of evidence so as to promote the ascertainment of truth. Fed. R. Evid. 611(a), 614. It is inconceivable that either Long or Broadnax was prejudiced by the court's speaking to the three witnesses. Further, any prejudice was cured by the instruction that the jury was to determine the facts based solely on the evidence and that the jury should not assume from the court's comments and questions during trial that the court had an opinion about the case. *See United States v. Villarini*, 238 F.2d 530, 536-37 (4th Cir. 2001).

III

Appellants argue that the district court erred in admitting the testimony of Kernodle and Clark. Among other things, their testimony completed the story of the criminal activity on trial. *See United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994) (internal quotation marks omitted). Further, it fulfilled all the criteria for the admission of evidence under Fed. R. Evid. 404(b), as set forth in *United States*

*v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). Admission of the testimony was not an abuse of discretion.

IV

Long and Broadnax claim that their sentences violate the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Based on *Apprendi*, we recently held that "drug quantities must be treated as elements of aggravated drug trafficking offenses under 21 U.S.C.A. § 841 (West 1999 & Supp. 2001)." *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001) (en banc). Further, failure to charge a specific threshold drug quantity and to submit the quantity issue to the jury constitutes plain error if the defendant's sentence exceeds the applicable statutory maximum. *Id.* at 156-57.

Here, Long was charged with conspiracy to distribute a threshold amount (in excess of 500 grams) of cocaine powder.* However, in violation of *Apprendi*, it was the judge—not the jury—who determined how much cocaine Long was accountable for. Nonetheless, because Long's sentence was within the statutory maximum of twenty years set forth at 21 U.S.C.A. § 841(b)(1)(C), *see Promise*, 255 F.3d at 156-57, we affirm the sentence.

Broadnax, who did not have a previous felony drug conviction, was charged with distributing specific amounts of crack and powder cocaine. The judge found Broadnax responsible for 1.49 kilograms of crack. Ordinarily, this plain *Apprendi* violation would require that we vacate the sentence and remand the matter for resentencing within the twenty-year statutory maximum. However, Broadnax stipulated that he was responsible for 1.49 kilograms of crack. Given his stipulation and evidence presented that substantiated his accountability for at least this amount of crack, Broadnax cannot show that the 292-month sentence, which is within the sentencing range set forth at 21 U.S.C.A. § 841(b)(1)(A)(iii), "was longer than that which would oth-

---

*That portion of the indictment charging Long with conspiracy to distribute crack was dismissed.

erwise have been authorized by the jury verdict." *See United States v. Stewart*, 256 F.3d 231, 252 (4th Cir. 2001). As such, he cannot show that the error in this case affected his substantial rights, and his sentence is affirmed.

V

We therefore affirm the convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*